**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFFI KELECHIAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:22-cv-08056<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1446, 1453, AND 1711** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Samsung Electronics America, Inc. ("Samsung" or "Defendant"), hereby removes the state court action described below to the Court pursuant to 28 U.S.C. §§ 1332(d), 1446, 1453, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"). In support thereof, Samsung states as follows:

## I.
## INTRODUCTION

1. On September 16, 2022, Plaintiff Raffi Kelechian ("Kelechian" or "Plaintiff") filed this lawsuit in the Superior Court of the State of California for the County of Los Angeles, styled as *Raffi Kelechian v. Samsung Electronics America, Inc.*, Case No. 22-STCV-30284 (the "State Action"). On October 18, 2022, Plaintiff filed his First Amended Complaint ("FAC") in the State Action. Plaintiff served Samsung a copy of the FAC on October 20, 2022 by certified mail. The FAC asserts six claims for: (1) negligence; (2) negligence *per se*; (3) breach of implied contract; (4) breach of confidence; (5) unfair business practices; and (6) violation of the California Consumer Privacy Act, Cal. Civ. Code § 1798.150 *et seq.* ("CCPA"). Each of Plaintiff's claims arises out of a data security incident that Samsung announced on September 2, 2022 (the "Security Incident").

2. On behalf of himself and the putative class, Plaintiff seeks, among other things, compensatory damages, statutory damages, injunctive relief, and attorneys' fees. FAC at 26–28.

3. As shown below, the State Action is removable to this Court because all procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II.
## SAMSUNG HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As stated above, Plaintiff mailed a copy of the FAC to Samsung on October 20, 2022, and service was not deemed complete until October 30, 2022. Thus, Samsung's Notice of Removal is timely because it is filed within 30 days of October 30, 2022. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

5. Venue lies in the United States District Court for the Central District of California because Plaintiff filed the State Action in this District. *See* 28 U.S.C. § 1441(a) (mandating venue for removed actions).

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Samsung, which papers include copies of the FAC and summons, are concurrently filed as attachments hereto as **Exhibit A**.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

## III.
## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA

8. The State Action is a civil action over which this Court has original jurisdiction pursuant to CAFA. Under CAFA, federal courts have original jurisdiction over a class action if: (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregated

amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

9. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'"—*i.e.*, the same liberal pleading standard required by Federal Rule of Civil Procedure 8(a), requiring only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). Samsung easily meets that standard.

10. As set forth below, this is a putative class action in which, as alleged: (1) there are more than 100 members in Plaintiff's proposed class; (2) Plaintiff and the members of the putative class have a different citizenship than Samsung; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. The State Action is a "Class Action" Under CAFA

11. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 26 U.S.C. § 1332(d)(1)(B).

12. Here, the FAC is styled as a "Class Action Complaint" (FAC at 1); Plaintiff specifically alleges that he is bringing the State Action on behalf of himself and a putative class comprised of "more than 100 persons" allegedly affected by the Security Incident; he contends that a class action in this case would be "superior to all other available methods for the fair and efficient adjudication of the controversy;" and he seeks an order certifying this action as a class action, designating Plaintiff as the representative of the class, and appointing Plaintiff's counsel as counsel for the class. FAC ¶¶ 5–8, 26, 85, 90. Actions seeking class treatment in this manner are "class actions" under CAFA. *See Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1150 (S.D.

Cal. 2018) ("Here, there is no dispute the present action is a 'class action' under CAFA, as the action contains class allegations under California Code of Civil Procedure § 382.").

### B. The Putative Class Consists of More than 100 Members

13. Plaintiff seeks to represent a putative class defined as: "All individuals whose PII was compromised in the data breach announced by Samsung on September 2, 2022, who reside in the State of California." FAC ¶ 82.

14. The putative class consists of more than 100 individuals. Indeed, Plaintiff alleges that the putative class is comprised of "more than 100 persons" who were purportedly affected by the Security Incident. *Id.* ¶ 85. Moreover, Plaintiff bases his claims on a notice Samsung sent to customers potentially impacted by the Security Incident. *Id.* ¶ 24. Samsung avers that it sent such notices to more than 1,000,000 individuals in the State of California alone. Accordingly, the requirement of 100 or more class members is met.

### C. Minimal Diversity Exists

15. Under CAFA's "minimal diversity" requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)); *Duran v. Fernandez Bros.*, 2015 WL 7012884, at *3 (N.D. Cal. Nov. 12, 2015).

16. Under CAFA, minimal diversity exists if any member of the proposed class is a citizen of a State other than New York or New Jersey. 28 U.S.C. § 1332(d)(2)(A), (d)(2)(B); *Hood*, 571 U.S. at 165; *Duran*, 2015 WL 7012884, at *3. CAFA's minimal diversity requirement is readily satisfied here.

17. Samsung avers that it is a New York corporation that has its principal place of business in New Jersey. Samsung, therefore, is a citizen of both New York and New Jersey for diversity purposes. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010); 28 U.S.C. § 1332(c)(1).

18. Samsung further avers that Plaintiff is a California citizen, thereby making him diverse from Samsung. Indeed, Plaintiff claims he "is a citizen of Los Angeles County in the State of California." FAC ¶ 4. Accordingly, at least one member of the proposed class is a citizen of a State other than New York or New Jersey. Minimal diversity exists.

### D.   The Amount-in-Controversy Requirement is Satisfied

19. To establish CAFA's amount-in-controversy requirement, Samsung "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee*, 574 U.S. at 89.

20. Although Samsung denies Plaintiff or any putative class member suffered any cognizable injury as a result of the Security Incident, Plaintiff asserts causes of action for, among other things, negligence, breach of implied contract, and unfair business practices. FAC ¶¶ 93–148. In connection with these causes of action, Plaintiff seeks damages for "credit monitoring services" and "other protective measures to deter and detect identity theft" on behalf of a putative class consisting of "[a]ll individuals" allegedly affected by the Security Incident "who reside in the State of California." *Id.* ¶¶ 14, 82. As to himself, Plaintiff specifically alleges that he "subscribed to a credit monitoring service at the cost of $20 per month" following the Security Incident and that it is necessary to maintain such services for years following such an incident. *Id.* ¶¶ 32, 110. Given Plaintiff claims he is typical of the putative class, that the annual cost of the credit monitoring service he allegedly purchased exceeds $200 annually, and that more than 1,000,000 individuals in the State of California received notices from Samsung regarding the Security Incident, the amount in controversy plainly exceeds $5 million. *Id.* ¶¶ 32, 88.

21. Plaintiff also asserts a cause of action under the CCPA and "seek[s] actual damages and statutory damages of $750 per customer record" allegedly affected by the Security Incident. *Id.* ¶ 156. That alone exceeds the jurisdictional minimum. And that does not even include the other compensatory damages alleged by

Plaintiff, including damages stemming from alleged "[o]ut-of-pocket costs associated with the prevention, detection, recovery, and remediation from identity theft or fraud," "[l]ost opportunity costs and lost wages," the "present and continued risk to their PII," and "anxiety, emotional distress, and loss of privacy." *Id.* ¶¶ 79–81. Nor does it include Plaintiff's request for an award of attorneys' fees. *Id.* at 28. By all counts, CAFA's $5 million amount-in-controversy requirement is satisfied.

**WHEREFORE,** Samsung respectfully removes the State Action to this Court pursuant to 28 U.S.C. § 1441(b).

Dated:  November 3, 2022                             **HUNTON ANDREWS KURTH LLP**

By:     /s/ Jason J. Kim
Ann Marie Mortimer
Jason J. Kim
Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.